# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| THE COLLEGE COMPANY LLC,<br><br>PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,<br><br>DEFENDANTS. | CASE NO.: 1:26-CV-04271<br><br>JUDGE ANDREA R. WOOD<br><br>MAGISTRATE JUDGE YOUNG B. KIM |

## PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Plaintiff, The College Company LLC, ("College Co." or "Plaintiff") hereby moves this Honorable Court for entry of a preliminary injunction against the defendants identified on Schedule A (the "Defendants"). The scope of the preliminary injunction is substantially identical to the Temporary Restraining Order, entered June 29, 2026.

Plaintiff, The College Company LLC, brings the present action against the Defendants for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). As alleged in College Co.'s Complaint [1], the Defendants are promoting, advertising, distributing, offering for sale, and selling products using counterfeit versions of College Co.'s federally registered Birds Aren't Real trademark[1] ("Counterfeit Products") through various fully interactive, commercial Internet stores operating under at least the online marketplace accounts identified on the Schedule A (collectively, the "Defendant Internet Stores" or "Seller Aliases").

---

[1] A true and correct copy of Plaintiff's federally registered trademark was attached as Exhibit 1 to the Complaint, and was further defined as the "BAR Trademark," in the Complaint. [1-1].

1

## I.  STATEMENT OF FACTS

On June 29, 2026, this Court granted The College Company LLC's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO"). [19]. The TRO authorized to provide notice the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website, and by sending an email to the email addresses provided for Defendants by Defendants or any third parties which includes a link to said website. [19] at ¶ 8. This Court granted College Co.'s *Ex Parte* Motion to Extend the Temporary Restraining Order until July 27, 2026. [23]. Since, and pursuant to entry of the TRO, several financial accounts associated with the Defendant Internet Stores have been frozen. *See* the Declaration of Ann Marie Sullivan (hereinafter, "Sullivan Declaration") at ¶ 2.

College Co. respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products during the pendency of this litigation. As part of the Preliminary Injunction, College Co. requests that Defendants' financial accounts remain frozen until completion of these proceedings.

## II.  ARGUMENT

### A.  Rule 65(a)(1) Notice is Satisfied by Plaintiff's Contemporaneous Electronic Notice

To satisfy Rule 65(a)(1)'s notice requirement, contemporaneously with the filing of this Motion for Preliminary Injunction (the "Motion"), Plaintiff will provide Defendants with notice of this Motion and any hearing set by the Court through e-mail sent to the e-mail addresses identified by Defendants or the third-party marketplace platforms through which Defendants conduct their business, and by electronic publication. Such notice satisfies Rule 65(a)(1), which requires only that the adverse party receive notice before entry of a preliminary injunction; it does

not require completed service of process. As the Seventh Circuit explained, Rule 65 permits emergency injunctive relief before service of process because requiring formal service before such relief could be granted "would have the unfortunate effect of immunizing most foreign defendants from needed emergency injunctive relief." *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842–43 (7th Cir. 2012). Consistent with this principle, this Court recently granted a preliminary injunction in *Triumph Int'l, LLC v. The P'ships et. al.*, No. 26-cv-03116 (N.D. Ill. June 18, 2026), Dkt [32], while directing that "[p]rior to seeking default or default judgment, Plaintiff shall ensure that service of process is properly effected as to all defaulted Defendants." By expressly requiring service of process before default proceedings, but not before entry of the preliminary injunction, this Court recognized the distinction between Rule 65(a)(1)'s notice requirement and the separate service requirements applicable before default. Similarly, Judge Kennelly also authorized a plaintiff to provide notice of its forthcoming motion for preliminary injunction and any related hearings by e-mail and electronic publication, recognizing that such notice satisfies the requirements of Rule 65(a)(1), notwithstanding that formal service of process had not yet been completed. *See*, *Capcom Co., Ltd. v. The P'ships et.al.*, No. 26-cv-06323, Dkt [26] (N.D. Ill. July 9, 2025) (Kennelly, J.) (unpublished). Accordingly, upon Plaintiff's provision of notice by email and electronic publication, the requirements of Rule 65(a)(1) will be satisfied.

### B. A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

College Co. respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.,* No. 1:15-cv-03249, Dkt. [33] (N.D. Ill. May 6, 2015) (Castillo, J.) (unpublished; *Triumph Int'l,*

3

*LLC v. The P'ships et. al.*, No. 26-cv-03116 (N.D. Ill. June 18, 2026), Dkt [32] (Wood, K.) (unpublished).

### i.    This Court has Already Found that the Requirements for a Preliminary Injunction have been Satisfied

The standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit; as such, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

### ii.    The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

College Co. requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, e-commerce platforms such as AliExpress.com ("AliExpress"); Amazon, Inc. ("Amazon"); eBay, Inc. ("eBay"); Shopify Inc. ("Shopify"); Fruugo, Inc. ("Fruugo"); and Walmart, Inc. ("Walmart") (the "Online Marketplaces") and payment processors such as PayPal, Inc. ("PayPal"); Payoneer, Inc. ("Payoneer"); Stripe, Inc. ("Stripe"); Alipay.com Co., Ltd. ("Alipay"); Amazon Payments, Inc.

("Amazon Payments"); eBay Payments, Inc. ("eBay Payments"); and Walmart Payments, Inc. ("Walmart Payments") (the "Payment Processors"), have provided College Co. with information, including the identification of several financial accounts linked to the Defendant Internet Stores which were selling Counterfeit Products. In the absence of a preliminary injunction, Defendants may attempt to move assets from accounts in U.S.-based financial institutions to offshore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which College Co. is entitled, as set forth in the Complaint, far exceeds any amount contained in any of the Defendants' frozen financial accounts. For example, College Co.'s prayer for relief requests statutory damages which can be up to $2 million per Defendant. [1]. In addition, and as established in College Co.'s TRO Memorandum [14], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

## III.    CONCLUSION

In view of the foregoing, College Co. respectfully requests that this Court enter the preliminary injunction against the Defendants identified on Schedule A.

Dated: July 21, 2026

Respectfully submitted,

*/s/ Gouthami V. Tufts*
Ann Marie Sullivan
Alison K. Carter
Gouthami V. Tufts
**SULLIVAN & CARTER, LLP**
111 W Jackson Blvd Ste 1700
Chicago, Illinois 60604
www.scip.law
929-724-7529
g.tufts@scip.law
***ATTORNEYS FOR PLAINTIFF***

5

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on July 21, 2026 a true and correct copy of the documents filed by the Plaintiff were: electronically filed, with the Clerk of the Court using the CM/ECF system; electronically published on a website to which the Defendants have been directed; and emailed to all email addresses identified or provided for Defendants by the Defendants or third-parties, which includes a link to said website and copies of the documents filed by the Plaintiff.

*/s/ Gouthami V. Tufts*
Gouthami V. Tufts